**In re Wallace GILMORE, Debtor.**

**Housing Authority of the City of Pittsburgh, Movant,**

**v.**

**Wallace Gilmore, Respondent.**

**Bankruptcy No. 00–27276–JFK. Motion No. ISF–1.**

United States Bankruptcy Court, W.D. Pennsylvania.

March 12, 2001.

Irving S. Firman, Pittsburgh PA, for Housing Authority of the City of Pittsburgh.

Eileen Yacknin, Neighborhood Legal Services, Pittsburgh PA, for debtor.

Ronda J. Winnecour, Pittsburgh, PA, Chapter 13 Trustee.

## MEMORANDUM OPINION[1]

JUDITH K. FITZGERALD, Chief Judge.

Before the court is the Motion for Relief from Automatic Stay filed by the Housing Authority of the City of Pittsburgh (HACP) against Debtor. HACP obtained an Order of Possession through the state court system and was two days short of executing on the Order when Debtor filed a Chapter 13 petition. HACP was attempting to evict Debtor, a tenant, from one of the units it owns at the Arlington Heights housing project on the ground that he breached non-monetary covenants in the lease, which HACP, contends cannot be cured. One of the lease provisions at issue concerns alleged drug-related activity, as to which the criminal charges have been dismissed, and no proof of the conduct appears of record in any of the three courts involved, i.e., the district justice court, the Court of Common Pleas and this court.

The difficulty facing this court is that Debtor failed to timely appeal the state court's order denying his motion for leave to appeal *nunc pro tunc*, that also granted possession to HACP. This bankruptcy stayed the appeal period. Debtor has 24 days remaining under applicable state court procedures to appeal an adverse ruling by the Allegheny County Court of Common Pleas, per Judge Wettick. It likewise appears from the record available that an error of law may have occurred in that the record does not show that HACP has ever proven entitlement to possession on the allegations of criminal drug-related

---

1. The court's jurisdiction was not at issue. This Memorandum Opinion constitutes our findings of fact and conclusions of law.

conduct. This court, however, is not a state appellate court. Debtor is left with convincing a state appellate court of his entitlement to remain in possession of his leasehold. At the time he filed this bankruptcy, Debtor was (and remains) in possession of his rental unit.

I will set out a chronology of relevant facts so as to juxtapose them against a recently decided case which may be instructive to an eventual disposition:

10/29/96 Debtor and an HACP representative signed a lease which included provisions for a $99.00 security deposit and a monthly rent of $248.00. (Exhibit A, HACP's Brief in Support of Motion for Relief from Stay.)

2/15/00 Debtor was arrested on three drug charges and a disorderly conduct charge at his unit in the Arlington Heights housing project (Exhibit C, HACP's Brief in Support of Motion for Relief from Stay.)

2/15/00 Another person, not a tenant in the Debtor's apartment (Yvonne Wofford), was also arrested on the same charges. The police report of the incident is all that appears in the record to explain the events surrounding HACP's efforts to evict Debtor. (Exhibit A to Debtor's Supplemental Memorandum and Relevant Documents.) It indicates that the arresting officer was called to the scene of Debtor's apartment due to a report of "a violent domestic [argument]." Upon arrival, the officer could not gain access to the unit, so

the 911 operator called the unit and shortly after, the security door was opened by Ms. Wofford. Ms. Wofford[2] told the officer she was not the resident and there was no problem at the unit. She denied access to the officer. Nonetheless, as the officer pushed past her, while she tried to slam the door against him, he smelled "a heavy odor of marijuana," and saw what appeared to be a "blunt" burning in an ash tray on the living room table. He led Ms. Wofford back into the hallway, as she shouted obscenities, causing him to place her under arrest. He then saw the Debtor and a Ms. Astonah Turner enter the hallway from the street, along with another female. The officer then had all four persons enter the apartment while he waited for backup and tried to discover whether there was a domestic dispute underway. His report does not indicate any evidence of a domestic disturbance. His report does not identify anyone present in the apartment when he first gained entry other than Ms. Wofford.

Inside, he again saw the "blunt" and some suspected marijuana seeds in a brandy snifter. As the backup arrived, the officer placed Debtor under arrest. Debtor told the officer he was the tenant, that he had called the police to report a robbery in Mount Oliver, that there was never a domestic dispute, and that the marijuana belonged to some unknown black males

---

2. The police report refers to her as "Ms. Gilmore" at times.

who were using his apartment to get high.

Ms. Wofford gave the officer four baggies of suspected marijuana from her pants pockets. Debtor had no contraband on his person. There the police report ends.[3]

2/16/00   Debtor was arraigned before City Magistrate Coles on three drug charges and one summary offense, disorderly conduct; he was convicted, through his plea, of only the disorderly conduct charge. (Exhibits B & C, HACP's Brief in Support of Motion for Relief from Stay.[4]) The drug charges were dismissed as to both Debtor and Ms. Wofford.

5/31/00   HACP filed action against Debtor alleging damages to the leasehold in the amount of $35.00; unpaid rent of $0.00; additional rent remaining unpaid on hearing date; and social eviction under lease

sections 81(1–2) and K. The cited provisions all relate to obligations of the tenant. Paragraph 8I(1) prohibits drug related criminal conduct. Paragraph 8I(2) prohibits criminal activity that threatens the health, safety or right to peaceful enjoyment by other tenants or management. Lease paragraph 8K prohibits serious or repetitious conduct that can be either criminal or not which impairs the peaceful enjoyment by other tenants of their accommodations or community facilities or that impairs the physical or social environment of the community. (Exhibit A, HACP's Supplemental Brief and Relevant Exhibits.) Paragraph 8T of the lease indicates that conduct specified in paragraph 8I and 8K constitutes a violation of the lease.

3. Eventually, both Debtor and Ms. Wofford entered guilty pleas to the summary offense of disorderly conduct. Neither was convicted of drug possession and the record does not establish that the suspected marijuana was proven to be marijuana. The drug charges were all dismissed. There is no factual support of record to show that Debtor engaged in any disorderly conduct, other than his plea. There is no evidence that the disorderly conduct charge is in any way related to the suspicion that Debtor's apartment, at a time when Debtor was not inside, had a marijuana "blunt" burning in an ash tray and suspected marijuana seeds on a table.

4. Noteworthy are some of the entries on the Docket Transcript of the City Magistrate dated one day after the February 15th arrest date (Exhibit B, HACP's Brief in Support of Motion for Relief from Stay):

| Description Charges | Grading | Offense Date | Section & Subsection | Disposition |
|---|---|---|---|---|
| A   VIOL. OF DRUGS [sic]—POSSESSION | | 2–15–00 | CS13a16 | DIS |
| B   VIOL. OF DRUGS—SMALL AMOUNT | | 2–15–00 | CS13a31 | DIS |
| C   VIOL. OF DRUGS—PARAPHERNALIA | | 2–15–00 | CS13a32 | DIS |
| D   DISORDERLY CONDUCT | S | 2–15–00 | CC5503 | GP |

There is no key to define "DIS" or "GP." The only one of the four offenses to be graded is the disorderly conduct charge marked simply "S." The parties do not dispute that "DIS" means "dismissed," "GP" means "guilty plea," and "S" means "summary offense." Hence, as of the end of Debtor's arraignment he had been convicted of only the summary offense of disorderly conduct.

6/13/00 District Justice Longo granted HACP possession and judgment for $70.00 in rent arrears and $78.75 in judgment costs (Exhibit E, HACP's Brief in Support of Motion for Relief from Stay.) The Judgment states "possession granted," and not "possession granted if money judgment is not satisfied by time of eviction".

6/30/00 Debtor paid the judgment amount of $148.75 to HACP. (Exhibit B, HACP's Supplemental Brief and Relevant Exhibits.)

7/3/00 The Notice of Judgment/Transcript Residential Lease was filed, adding another $27.75 as "costs in this proceeding" for a total of $176.50 (Unlettered Exhibit filed with HACP's Supplemental Brief and Relevant Exhibits) although Debtor had already paid the original judgment amount.

7/6/00 HACP served 7/3/00 Order for Possession on Debtor by posting (same unlettered Exhibit as referred to in 7/3/00 item above).

7/21/00 Debtor presented a Motion for Appeal Nunc pro Tunc from District Justice Longo's Order. (HACP represents on unnumbered page 4 of its Supplemental Brief and Relevant Exhibits that Debtor's Motion for Appeal was filed on 7/21/00; however, at page 3 in its Brief in Support of Motion for Relief from Automatic Stay it avers that Debtor's Motion was filed on 7/28/00. One of the copies of the "cover" page of Debtor's Motion for Appeal Nunc pro Tunc, which copy accompanies HACP's Supplemental Brief, has many date stamps of the local clerk of court, one of which is 7/21/00 and another of which is 7/28/00.)

7/27/00 District Justice Longo gave a statement, to attorneys for Debtor and HACP, indicating that she had no recollection of the Debtor's hearing but that she routinely advises tenants that they have ten days to appeal any adverse judgment and that she routinely attaches written notice of the ten-day appeal process to the notice of judgment. (Exhibit C, Debtor's Brief in Opposition to Motion for Relief from Stay.)

9/12/00 Allegheny County Court of Common Pleas Judge Wettick considered Debtor's Motion to Appeal Nunc pro Tunc, denied it and awarded HACP possession as of 9/20/00. (Exhibit F, HACP's Brief in Support of Motion for Relief from Stay.)

9/18/00 Debtor filed a chapter 13.

Except for the confusion regarding when Debtor filed his motion for leave to appeal *nunc pro tunc*, which is not material now, none of these dates is disputed. None of the documents provided by either party has been challenged by the other party.

The *en banc* Ninth Circuit Court of Appeals decided *Rucker v. Davis*, 237 F.3d 1113 (9th Cir.2001), after Judge Wettick's Order. *Rucker* held that a public housing tenant can be evicted on drug-related grounds only if he knew, had reason to know, or had control over the household members or guests who committed the drug-related criminal acts. *Rucker* noted that due process considerations establish that the tenant cannot be deprived of his

property interest in public housing absent proof of his knowledge of the activities or control over the offender. Thus, *Rucker* established a rebuttable presumption that the tenant has such knowledge or control. The tenant, however, may assert the equivalent of an "innocent owner" defense operable in forfeiture actions and may offer proof that he did not know of or exercise control over the offender, or that he had taken reasonable steps to prevent the conduct from occurring in his unit.

Similar to the instant facts, three of the four separate *Rucker* tenants were faced with eviction due to allegations that others (non-tenants) were engaged in criminal activity in or outside their apartments. Similar to the instant facts, none of the four separate *Rucker* tenants was directly involved with or convicted of criminal conduct involving drugs. The *Rucker* court prevented the evictions based upon convictions of non-tenants.

In the case at bench, Debtor has no conviction for any drug-related offense but one conviction for disorderly conduct based upon a guilty plea.[5] Thus, the Order for Possession is not based upon Debtor's drug related criminal conduct, because Debtor is no longer even charged with same, the charges having been dismissed. HACP, therefore, has failed to prove that Lease Paragraph 8I(1) has been violated by Debtor.

The Order for Possession, if it is based on social eviction grounds at all, must be based on the disorderly conduct plea. Nothing of record, however, establishes that the conduct involved any threat to the health, safety or welfare of any other tenant or management. In fact, the record does not show the presence of any other tenant or management personnel at the scene of the incident whose health, safety or right to peaceful enjoyment was threatened by the alleged criminal activity. Thus, lease paragraph 8I(2) requirements for eviction do not appear to have been satisfied. No factfinder has entered findings of fact under paragraph 8K (criminal or non-criminal conduct impairing the peaceful enjoyment or community environment), as applied to lease violations through paragraph 8T, to show that Debtor's conduct was either a "serious" or "repeated" violation(s) of a material term of the lease. Thus, although HACP has an Order for Possession based solely on non-monetary lease defaults, there is no evidence to support the grounds for the Order for Possession. Debtor cured the monetary lease default by paying the full judgment amount as is authorized by Pennsylvania law, and there is no basis for eviction on this ground. In any event, HACP does not dispute that Chapter 13 permits a cure of a monetary lease default. Thus, the record before this court does not establish any grounds on which HACP is entitled to evict the Debtor, even though it has an order for possession.

HACP contends that Debtor cannot use chapter 13 to cure non-monetary defaults or provide adequate assurance of future performance. There is case law to the contrary and I agree, generally, that certain non-monetary breaches can be cured. *See, e.g., In re Yardley*, 77 B.R. 643 (Bankr.M.D.Tenn.1987) (Bankruptcy Code authorizes cures of non-monetary breaches of the lease); *In re Mack*, 1993 WL 722255 (Bankr.E.D.Pa.1993) (cures of non-monetary breaches permitted but state court is proper forum to consider the issue). However, I do not agree with *Yardley's* conclusion that satisfaction of

---

5. The drug charges against Ms. Wofford were also dismissed. Thus, the order for posses-sion cannot be based on her alleged drug related criminal conduct either.

criminal penalties (*i.e.*, time served and payment of a fine) cures the civil consequences of breach of a lease. The civil consequence of the breach alleged in this case is the order for possession issued by the District Justice but, as explained above, the record before me contains no facts supporting that order for possession on non-monetary grounds. I agree that a debtor may provide adequate assurance that he will not commit future non-monetary lease violations in a variety of ways, depending upon the facts in the case. In this case, Debtor's history of over three years' tenancy without violating the lease and his promise to keep his unit free of controlled substances and users thereof, coupled with an order granting relief from stay to HACP prospectively to litigate future alleged non-monetary violations in the state court is adequate protection. However, I see no basis upon which Debtor can "cure" a criminal conviction,[6] and if that conviction is the ground for an order of possession based on non-monetary lease defaults, the eviction may proceed.

 In light of the record before me and the fact that Debtor has twenty-four days left to file an appeal in state court from the order of the Court of Common Pleas denying his motion for leave to appeal *nunc pro tunc*, I will grant relief from stay for the limited purpose of allowing Debtor to file his appeal and HACP to participate in litigating that appeal. If the state appellate court permits Debtor to appeal and the appeal is decided in Debtor's favor, there is no need to address assumption or cure issues. If Debtor is permitted to appeal and the appeal is decided in HACP's favor, then HACP may exercise its state court remedies.

An appropriate order will be entered.

---

6. If the conviction were set aside, overturned, or expunged such that it no longer served as a

### ORDER

AND NOW, this **12th** day of **March, 2001,** for the reasons expressed in the foregoing Memorandum Opinion, it is **OR-DERED, ADJUDGED, and DECREED** that the Motion for Relief from Automatic Stay filed by the Housing Authority of the City of Pittsburgh is **GRANTED** for the limited purpose of permitting Debtor to file an appeal to the appropriate state court within twenty-four days of the date of this Order and to permit the Housing Authority of the City of Pittsburgh to defend any such appeal.

Relief from stay is **DENIED** for all other purposes and HACP may not evict Debtor pending the outcome of the appeal.

basis for the lease violation, then "cure" would be irrelevant.